Dear Mr. Bruno:
You have requested an opinion of the Attorney General regarding a recommendation contained in a management letter issued by Mr. Jack B. Kase, Certified Public Accountant (Kase), following his independent audit of the Office of the Custodian of Notarial Records for the Parish of Orleans (Custodian) for the period July 1, 1991 through January 21, 1992.
The management letter contained the following comment:
 "For the 205 days ended January 21st, 1992, the Custodian, John J. Hainkel III, withdrew as compensation a total of $25,387.00. Based on the actual time period served in office, the withdrawals were at a rate greater than $35,000.00 per annum as allowed by LSA R.S. 35:337. According to our computation, the excess withdrawn was $5,845.38. It may be appropriate to request an opinion by the Attorney General relative to potential reimbursements."
You ask whether Louisiana law requires the Custodian's compensation withdrawals to be consistent with the actual time in office.
The compensation of the Custodian is established in LSA-R.S. 35:337, as amended by Act No. 650 of the 1988 Regular Session of the Louisiana Legislature. It provides:
"§ 337. Fees, salary, and excess funds of custodian
 A. The custodian may charge and receive the same fees of office as are allowed by law to other notaries for the making and certifying of copies. The compensation of the custodian shall not exceed thirty-five thousand dollars per annum and any remainder of fees shall be used solely to operate and maintain the functions of the office of notarial records.
 B. Any unexpended or unencumbered funds remaining at the end of the fiscal year to the credit of the account of monies, fees, or sums collected by the custodian of notarial records shall be transferred by the custodian to the general fund of the city of New Orleans."
Prior to its amendment, Section 337 provided:
 "The custodian may charge and receive the same fees of office as are allowed by law to other notaries for the making of copies, and also a salary of eighteen hundred dollars per annum, and a further sum of seven thousand two hundred dollars per annum for binding of the notarial records and for all other necessities and additional help that may be required for the maintenance of said office; these sums to be paid by the city of New Orleans, monthly; the commission council of New Orleans is hereby directed to budget and provide for the payment of same. Provided that, in the discretion of the city council, the salary to be paid the custodian by the city of New Orleans, as herein provided, may be increased to four thousand dollars." (Emphasis added.)
This pre-1988 statutory provisions has been the subject of recent litigation involving Raoul P. Sere' and Nat G. Kiefer, Jr., both of whom occupied the Office of Custodian prior to Mr. Hainkel's tenure. At issue was whether the two individuals were entitled to retain substantial sums of money comprised of filing and copy fees which were withdrawn at the end of their respective terms.
In the case of Nat G. Kiefer, Jr. v. John J. Hainkel, III, et al, No. 88-1183, Civil District Court for the Parish of Orleans, plaintiff withdrew in excess of $500,000 in compensation at the end of his term. In granting plaintiff's Motion for Summary Judgment, the Court held that the "fees of office" are personal to the Custodian and that the withdrawal was not contrary to the law as it then existed.
While Act No. 650 establishes a $35,000 per annum cap on the compensation of the Custodian, it does not mandate that the draw or draws occur at any particular intervals. It is my understanding that during his four year term, Mr. Hainkel's total compensation did not exceed $140,000. Further, his compensation for any given year did not exceed $35,000.
Based on the above factors, we conclude that the compensation drawn by Mr. Hainkel comports to the provisions of LSA-R.S. 35:337.
Trusting this sufficiently answers your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0043R
cc: Dale C. Wilkes John J. Hainkel, III